IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMAL SHEHADEH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-3263 |
| | ) | |
| DANIEL A. NOLL, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

RICHARD MILLS, United States District Judge:

Plaintiff Jamal Shehadeh seeks to file a Complaint asserting breach of contract. In his complaint, the Plaintiff alleges the Court retains jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332(a)(1), on the basis that the parties are citizens of different states and the amount in controversy exceeds $75,000. However, the Court concludes that it lacks subject matter jurisdiction and dismisses the case.

The Plaintiff states he is temporarily domiciled at the Allenwood Federal Prison Complex in White Deer, Pennsylvania. "[C]itizenship depends on domicile, not residence." *Miller v. Fryzel*, 499 F. App'x 601, 603 (7th Cir. 2013). An individual's domicile is the state where he intends to live over the long run. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). Because

1

"domicile is a voluntary status, a forcible change in a person's state of residence does not alter his domicile." *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir. 1991). Therefore, the domicile of person before he was imprisoned is presumed to remain while he is incarcerated. *See id*. This is a rebuttable presumption. *See id*.

As noted above, the Plaintiff has stated that he is temporarily domiciled in Pennsylvania. In a complaint in another case, the Plaintiff states that he "maintains residence in Christian County, Illinois and is temporarily domiciled" in Pennsylvania. *See Shehadeh v. Downey, et al.*, Case No. 3:18-cv-03165-RM-TSH, Doc. No. 1-1 ¶ 4. Therefore, although he temporarily resides in Pennsylvania, the Plaintiff acknowledges that he remains domiciled in Illinois.

The Plaintiff names Daniel A. Noll, an attorney licensed to practice in the State of Illinois, as a Defendant. Because the Plaintiff and the Defendant are both citizens of Illinois, there is no diversity of citizenship between the parties and jurisdiction does not lie under § 1332.

Even if the parties were citizens of different states, it does not appear that the amount in controversy exceeds the jurisdictional threshold of $75,000. The Plaintiff's complaint references a contractual dispute involving $27,500. Although the prayer for relief includes a request for damages of not less than $75,000, the basis of this request is not clear. Typically, punitive damages are not recoverable in Illinois for a breach of contract unless the conduct causing the breach constitutes an

independent tort, for which punitive damages are available. *See Valfer v. Evanston Northwestern Healthcare*, 52 N.E.3d 319, 328 n.4 (Ill. 2016). Therefore, it appears that the Court lacks jurisdiction for the additional reason that the amount in controversy does not exceed $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

Because it is apparent from the Plaintiff's complaint that the parties are not citizens of different states and the amount in controversy does not exceed $75,000, the Court will dismiss this case for lack of subject matter jurisdiction.

Ergo, this case is dismissed, without prejudice, for lack of subject matter jurisdiction.

The Clerk is directed to close this case.

If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

ENTER: January 4, 2019   FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge